IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 09-cv-00070-CMA-KLM

AMELIDA LOPEZ PORTILLO,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
MICHAEL MUKASEY, Attorney General of the United States, and
MICHAEL CHERTOFF, Secretary of Homeland Security of the United States,

    Defendants.

---

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE AND SETTING EMERGENCY TELEPHONIC CONFERENCE REGARDING PLAINTIFF'S DEPORTATION STATUS**

---

This matter is before the Court on Plaintiff's Emergency Application for Temporary Restraining Order (Doc. # 2). As explained below, Plaintiff's Motion for a TRO is DENIED WITHOUT PREJUDICE because Plaintiff did not comply with Federal Rule 65(b). However, to allow the Court to properly address Plaintiff's request for preliminary injunctive relief, the Court hereby ORDERS that an emergency telephonic conference is set for **Thursday, January 22, 2009 at 1:30 p.m.**

Pursuant to Federal Rule 65, Plaintiff moved for an emergency temporary restraining order ("TRO") to prohibit Defendants from deporting Plaintiff to her native Guatemala until the Court can determine Plaintiff's status under the settlement

agreement contained in *American Baptist Churches v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal. 1991) (the "ABC Agreement"). Federal Rule 65 states:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65. Since Plaintiff failed to include either an affidavit or a verified complaint (or explain why she failed to include either of these items), the Court cannot issue a TRO without notice to Defendants. *See Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964) (courts should "scrupulously observe the requirements of Rule 65 in the delicate business of granting temporary restraining orders"); Moore's Federal Practice § 65.32 (3d ed. 2008) (noting that both requirements of Federal Rule 65 must be met before a court can issue a TRO without notice to the opposing party). Thus, the Court will deny Plaintiff's request for a TRO without prejudice.

However, the Court desires to address the merits of Plaintiff's request for preliminary injunctive relief before such relief becomes moot as a result of her deportation. Therefore, the Court hereby schedules an emergency telephone conference, during which the Defendants should be ready to address the status and schedule of Plaintiff's deportation. If, during the conference, Plaintiff can provide evidence demonstrating that she is entitled to a TRO prohibiting her deportation until

2

a preliminary injunction hearing, the Court will entertain arguments on that issue. The Court also anticipates that, if necessary, it will set a Preliminary Injunction hearing during the conference.

Accordingly, Plaintiff's Motion for a TRO is DENIED WITHOUT PREJUDICE for failure to comply with Federal Rule 65(b); and it is

FURTHER ORDERED that an emergency telephonic conference is set for **Thursday, January 22, 2009 at 1:30 p.m.** The Court has set aside approximately one hour for this conference. Lead counsel for both parties are DIRECTED to call Chambers (303-335-2174) via conference call on one line at the appropriate time to participate in this telephonoc conference.

DATED: January   21  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge